## IN RE DISBARMENT OF HENRY A. MORGAN.[1]

November 10, 1927.

No. 25,988.

**Proceeding for disbarment dismissed.**

Attorney and Client, 6 C. J. p. 607 n. 90.

Application for the disbarment of Henry A. Morgan. Proceedings dismissed.

*Karl H. Covell,* for state board of law examiners.
*Henry A. Morgan,* pro se.

PER CURIAM.

Proceedings were instituted by the board of law examiners for the removal of Henry A. Morgan from his office of attorney at law. Honorable E. J. Kenny, a judge of the eleventh judicial district, was appointed referee to take the evidence and report findings.

The proceedings were based on a complaint made by Jens L. Nelson. The charges in the complaint are, in substance, that one John Horan (the name is given as Horn in the complaint) had a claim of $70 against Nelson which he had placed in the hands of attorneys for collection; that these attorneys made a demand for payment; that Nelson consulted Morgan, who advised him that he had no defense and who promised to settle the claim if Nelson would give him $70 for that purpose; that Nelson gave him a check for that amount; that Morgan made no payment to Horan or Horan's attorneys but converted the money to his own use; that thereafter Horan's attorneys brought suit on the claim; that thereupon Nelson demanded that Morgan pay the $70 in settlement of the claim but Morgan failed and refused to do so; and that thereafter Nelson settled the claim himself. The answer sets out the proceedings in the suit brought by Horan, the payment of the $70, the tender and

[1]Reported in 216 N. W. 219.

refusal of that amount, the settlement of the suit by Nelson, and that it was agreed that Morgan should apply the $70 upon the amount due him for services previously performed for Nelson in other matters.

The facts developed at the hearing are quite different from those charged in the complaint and show that both parties were mistaken as to material facts.

Horan brought suit against Nelson for something over $100 and garnisheed the creamery company to which Nelson sold his cream. The sheriff's returns show that the summons and complaint and the garnishee papers were all served on December 23, 1924. Nelson took the papers to Morgan. In all of them the name of the defendant was given as James Nelson. Morgan interposed an answer that Nelson's true name was Jens L. Nelson, that he had never been known as James Nelson, and asked that he be dismissed. This answer was dated January 6, 1925, and was verified by Nelson in person. The garnishee disclosure took place on January 14, 1925. Morgan appeared and objected to the disclosure of any indebtedness to Jens L. Nelson on the ground that only indebtedness to James Nelson had been garnisheed. Thereafter Horan's attorneys made a motion to amend all the papers in the action by substituting the name Jens L. Nelson for the name James Nelson wherever the latter appeared. Both parties made arguments and filed briefs on this motion. On January 26, 1925, the court made an order granting the motion and allowing the amendments. The next term of court in that county was not to be held until May, and Morgan had an understanding that he could serve an amended answer.

Nelson admitted owing Horan $70, and on January 12, 1925, gave Morgan a check for $70 with which to settle the claim if it could be settled for that amount. Morgan cashed the check, when does not appear, but it reached the bank on which it was drawn and was paid by that bank on January 20. Morgan tendered $70 dollars to Horan's attorneys in settlement of the claim, but they refused to accept it. Thereafter and on March 20, 1925, Nelson, without Morgan's knowledge, settled the matter with Horan's attorneys by

paying them $85. The facts thus far stated are undisputed and unquestioned.

The dispute is concerning what subsequently occurred in respect to the disposition to be made of the $70. Nelson claims that after making the settlement he repeatedly asked Morgan to return the money and his papers, and that Morgan always promised to do so but never returned the money. Morgan claims that he told Nelson that more than that amount was due him for services in prior cases and that he would make out a statement of the account and give Nelson credit thereon for that amount, and that Nelson agreed to it.

Morgan had been Nelson's attorney in three matters prior to the Horan matter. The first was a suit against a railroad company for the killing of stock; the other two were proceedings to lay out a road over Nelson's land. Morgan had been in partnership with another attorney during the time these matters were pending. At the hearing Nelson produced a statement of account for services in the railroad case and the first road case, and three checks given at different times, two for $50 each and one for $52.03. Two of these checks had been received and cashed by the partner and one by Morgan. On being shown the statement and the checks, Morgan promptly admitted that they covered the account for the railroad case and the first road case and that he was mistaken in claiming that a balance was still due thereon, but said that he believed there was a balance still due until he saw these checks. His remaining claim was for services in the second road case and in the Horan case. On March 24, 1924, he wrote Nelson: "Please send me check for $25 to apply on services and expenses as requested in my recent letter." On June 24, 1924, Nelson sent him a check for $25. The services and expenses referred to were in the second road case. The charge for the first road case was $75. Asked if the charge for the second was the same, Morgan answered that more services had been rendered in the second than in the first, but practically assented to the suggestion that the charge should be the same as in the first. Asked as to his fee in the Horan case, he said that he thought $15 very moderate. On this basis there would be a balance of $5 due

Nelson, and he stated that if anything was due Nelson he was ready to pay it. Asked if Nelson had ever made any payments in cash, he said he had no recollection of any such payments and did not believe that any had been made but could not say so positively. Nelson was recalled and stated that he had paid the balance due on the second road case in cash. He was unable to state the amount or even the year in which it was paid but said he had paid whatever balance was due and received a receipt for it which had been lost.

Nelson's memory seems to have been somewhat faulty concerning some of the transactions with Morgan. He stated that he took the Horan papers to Morgan the day after they were served on him and at that time gave Morgan the $70 check dated on that day; that he went to Morgan the second time a day or two after the check had been paid by the bank to see why the garnishment had not been released; that he went to Morgan the third time two days later and thereafter, on the same day, settled the case with Horan's attorneys and gave them the $85 check dated on that day; and that Morgan never at any time mentioned the matter of a hearing in the case or of an application to have it dismissed on account of the misnomer. The answer asserting the misnomer as ground of dismissal was later produced, and Nelson admitted verifying it on January 6. The papers were served December 23, the check to Morgan was not given until January 12, and the settlement of the case was not made nor the check thereafter given until March 20.

Morgan was entirely open and frank throughout the hearing and joined in bringing out all the facts, including those which told against his claim. He kept no books; but had blanks with a printed heading on which he made out his bills to clients from information obtained from the files in the various matters. During the partnership books were kept by his partner, but whether they included accounts with clients or only matters between the partners does not appear.

Mr. Morgan has practiced his profession at Albert Lea for 42 years and has ranked high for honesty, integrity and fair dealing.

The counsel who represented the board in the taking of evidence before the referee and who submitted the matter to this court stated frankly at the argument that he was satisfied that Mr. Morgan honestly believed that Nelson owed him more than the amount of the check. The record shows that he attended to the matters intrusted to him carefully and promptly. While it shows that he was negligent in failing to ascertain the state of the account and to have a proper settlement with Nelson, it fails to show bad faith or intentional misconduct toward his client, and will not justify depriving him of his means of livelihood by removing him from a profession which he has followed honorably for the major part of a lifetime. We find that the charge made is not sustained, and the proceedings are dismissed.